E. G. ROBICHAUX & CO., LTD., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 24095. Promulgated May 1, 1928.

*L. E. Schenk, C. P. A.,* for petitioner.
*A. S. Lisenby, Esq.,* for the respondent.

OPINION.

TRAMMELL: Two questions are involved: First, the cost or other basis upon which the deduction on account of the exhaustion, wear and tear, including obsolescence, should be based, and second, the rate of exhaustion.

With respect to the basis upon which the deduction is allowable, the evidence is meager, uncertain and indefinite. In the first place the evidence discloses that the assets were acquired in 1909 for an aggregate of stock and cash. We are not advised as to the amount of stock issued or its value, nor is there testimony as to the value of assets acquired, further than the statement that the petitioner put them on its books at $60,000 and considered that that was the value thereof at that time. No allocation was made between machinery and other assets. A statement was introduced in evidence which purported to show the amount of additions to the buildings and machinery from 1909 to 1922, inclusive. This statement was prepared about a month prior to the hearing by an accountant who was not in the regular employ of the petitioner and who had no personal knowledge of the expenditures. He undertook to make the allocation by reference to book entries. While the book entries were not questioned, the witness was not in a position to make any allocation or to determine therefrom whether the expenditures represented in fact additions to capital or repair items. He did testify, however,

that a considerable part if not most of the expenditures represented replacements. It was these items representing replacement as well as the other expenditures representing either repairs or additions which were sought to be added to the capital account upon which the deduction on account of exhaustion, wear and tear and obsolescence was based. From all of the testimony, we are unable to determine that the basis used by the respondent for the deduction on account of the depreciation was erroneous.

While there was testimony that certain of the items included in the factory and machinery account sustained depreciation at a greater rate than that allowed by the respondent, we are unable to determine from the evidence that the composite rate used by the respondent was incorrect.

With respect to the railroad, there was testimony to show that various items included under that head depreciated at a greater rate than that allowed by the respondent. It is not shown that all of the assets grouped together under that head taken together sustained depreciation at a greater rate than that allowed by the respondent. With respect to the depreciation claimed by the petitioner on factory buildings and corn mill the only testimony offered was that of a witness who stated the character of the construction of the building. He did not express an opinion as to the useful life thereof except with respect to the factory buildings. With respect to these, he was asked:

Q. How long will such buildings last in your opinion?
   *        *        *        *        *        *        *
A. 40 or 50 years, I suppose.

This would indicate that the respondent had allowed an excessive rate of depreciation with respect thereto and certainly does not indicate that the petitioner was entitled to a greater deduction on account of the exhaustion of that property. The respondent allowed depreciation upon those buildings of 3 per cent, indicating a useful life of $33\frac{1}{3}$ years.

From all of the evidence in the case, we are unable to determine that the Commissioner erred in the determination of the deficiency.

*Judgment will be entered for the respondent.*